GARY R. GOODHEART, ESQ.
Nevada Bar #1203
STEVEN G. SHEVORSKI, ESQ.
Nevada Bar #8256
**JONES VARGAS**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300
Facsimile:  (702) 737-7705
E-Mail: grg@jonesvargas.com
         sshevorski@jonesvargas.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| AIRPORT MANAGEMENT SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RLW, INC., d/b/a EMC, a Nevada corporation; DOE INDIVIDUALS I-V; and ROE CORPORATIONS VI-X,<br><br>Defendants. | Case No.:   2:09-cv-01879-LRH (LRL)<br><br>**PLAINTIFF AIRPORT MANAGEMENT SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, Airport Management Services, LLC ("Airport"), by and through its attorneys of record, the law firm of Jones Vargas, moves for summary judgment against Defendant, RLW, Inc. d/b/a EMC.

This motion is supported by the following memorandum of points and authorities, the exhibits attached hereto, all of the papers and pleadings on file with the Court in this matter, and the argument of counsel before the Court should the Court require a hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND PROCEDURAL PROCESS

This is a commercial landlord-tenant case. Airport's sole cause of action is for breach of contract arising from a sublease ("Sublease"). Airport was the sublessor. RLW was the sublessee. On July 28, 2009, Airport was granted a summary eviction of RLW and RLW was evicted from the subleased property. *See* Exhibit 1. RLW then challenged the summary eviction order in the Justice Court for the Las Vegas Township. On September 9, 2009, RLW's challenge was denied by the Justice Court. *See* Exhibit 2. RLW appealed its eviction to Clark County District Court. On November 17, 2009, RLW's appeal was dismissed by the Clark County District Court. *See* Exhibit 3.

On September 29, 2009, Airport filed this Action to recover the damages it is owed under the Sublease with RLW. At the time Airport filed its complaint in this Action, Airport was owed $172,860.09 by RLW. All amounts due under the Sublease collect interest at a rate of 18%. Airport is entitled to summary judgment in its favor for $172,860.09, plus interest, attorneys' fees and costs.

RLW has no defense to Airport's claim for breach of contract under the Sublease. RLW, in its response to interrogatories, did not deny that it owed $172,860.09 under the Sublease, but asserted that RLW was owed an offset because of unidentified tenant improvements RLW made to the subleased premises. RLW did not plead the doctrine of offset as an affirmative defense in its answer. The deadline to amend pleadings has expired. Discovery closed on May 21, 2010. In addition, RLW did not produce any evidence as to what these putative tenant improvements were, who installed them, when they were installed, and how much the tenant improvements purportedly benefited the subleased property. RLW has no admissible evidence to oppose this motion for summary judgment.

Accordingly, Airport respectfully requests that this Court grant it summary judgment in the amount of $172,860.09, plus interest at 18% from the date Airport filed the Complaint in this Action, September 25, 2009.

## II.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The following undisputed material facts demonstrate that Airport has met its burden as a matter of law to prove all of the elements of Airport's contractual claims against RLW.

**A.   RLW has admitted the existence of a contractual relationship based on the sublease with Airport.**

On January 2, 1996, W.H. Smith, a sublessor, and RLW, as sublessee, entered into the Sublease. On October 25, 1996, W.H. Smith and RLW entered into a letter agreement amending the Sublease. On June 30, 1998, W.H. Smith and RLW entered into another amendment to the Sublease. W.H. Smith then assigned the Sublease to Airport. On July 25, 2005, Airport and RLW amended the Sublease for the last time. RLW identified the Sublease and the amendments in its Initial Disclosures dated April 1, 2010, a copy of which is attached as Exhibit 3.

Airport in its Complaint in this Action pled a contractual relationship with RLW based on the facts stated in the preceding paragraph. Airport in its Complaint at paragraphs 5 through 9 made the following factual allegations:

5.   On or about January 2, 1996, W.H. Smith Airport Services, Inc. ("W.H. Smith"), a Georgia corporation, entered into a sublease ("Sublease") with Defendant to rent retail space at three locations at the McCarran International Airport in Clark County Nevada.

6.   W.H. Smith assigned the Sublease to Plaintiff.

7.   Plaintiff and Defendant amended the Sublease on October 25, 1996, June 30, 1998, and July 25, 2005.

8.   The Sublease at Section 8 describes the rent that is due and owing from Defendant to Plaintiff.

9.   The Sublease at Section 8(d) provides that payments due and owing under the Sublease collect interest at the rate of 18% per annum.

*See* Exhibit 4, which is a true and correct copy of the Complaint (Doc #1).

RLW in its Answer admitted each and every one of these allegations. RLW in its Answer wrote as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

3. Answering Paragraphs 5, 6, 7, 8, 9 of Plaintiff's Complaint on file herein, DEFENDANT admits each and every allegation contained therein.

*See* Exhibit 5, which is a true and correct copy of the Answer (Doc #7).

**B. RLW has no admissible evidence to dispute that it owes Airport $172,860.09, plus 18% interest from the date that the complaint in this Action was filed.**

Airport's Complaint at paragraph 14 contains the following allegation:

14. As of the filing of this Complaint, the Defendant owes rent in the amount of $172,860.09 to the Plaintiff under the Sublease.

*See* Exhibit 4.

RLW in its Answer denied this allegation. *See* Exhibit 5 at p. 2, ¶6. However, RLW's answers to Airport's First Set of Interrogatories and First Request for Documents demonstrate that RLW's denial has no basis in admissible evidence.

RLW made the following response to Airport's 11th Interrogatory:

**INTERROGATORY NO. 11:**

Please state in detail the basis for your denial of Paragraph 14 of Plaintiff's Complaint.

**ANSWER TO INTERROGATORY NO. 11:**

RLW believes that it did not and does not owe the amount of $172,860.09 to Plaintiff under the Sublease. Because of offsets due and owing to RLW for tenant improvements made at RLW's expense and for Plaintiff's benefit. Investigation is ongoing. Discovery and investigation is continuing. RLW reserves the right to supplement this response should additional information become available.

*See* Exhibit 6, which is a true and correct copy of RLW's Answers to Plaintiff's First Set of Interrogatories, at pages 5-6.

1  RLW then made the following response to Airport's Request for Production of Documents about
2  these putative "tenant improvements:"

3  **REQUEST NO. 7:**

4  Produce any and all documents substantiating, relating to or referring to your denial of paragraph 14 of the Complaint.

5  **RESPONSE TO REQUEST NO. 7:**

6  Please see all documents produced in RLW's Initial Disclosures pursuant to LR 26 (a)(1). Discovery and investigation is continuing. RLW reserves the right to supplement this response should additional information become available.

*See* Exhibit 7, which is a true and correct copy of RLW's Answers to Airport's First Requests for Production of Documents, at pages 3:16-23.

## III.

## LEGAL STANDARDS

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Fed.R.Civ.P. 56(c)*. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex, 477 U.S. at 323*. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed.R.Civ.P. 56(e).

The non-moving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Summary judgment shall not be

granted if a reasonable jury could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248.

## IV.

## **DISCUSSION**

The standard elements of a cause of action for breach of contract are a contract, plaintiff's performance or excuse for nonperformance, a breach by the defendant and damage to the plaintiff resulting from defendant's breach. *Regan Roofing Co. v. Superior Court*, 24 Cal.App.4th 425, 434-35, 29 Cal.Rptr.2d 413, 418 (1994); *Nevada Contract Services v. Squirrel Companies*, 119 Nev. 157, 68 P.3d 896 (2003).

The undisputed material facts show that Airport and RLW have a contractual relationship based on the Sublease. RLW admitted as such in its Answer. Therefore, Airport has met its burden as to this element of its contractual cause of action.

The undisputed material facts demonstrate that Airport performed under the Sublease. It provided RLW with the premises. Therefore, Airport has met this element of its cause of action.

There is no genuine dispute of material facts as to the last two elements: breach of the Sublease and damages. It is an undisputed fact that RLW was evicted for the non-payment of rent. The affidavit of (need person's name) demonstrates the amount that is owed under the Sublease by RLW. Therefore, Airport has demonstrated that there is no genuine dispute of material fact as to any of the elements of its sole cause of action for breach of contract.

RLW's sole conceivable argument in opposition is that RLW is entitled to some unknown amount of offset because of unknown tenant improvements that it supposedly made to the premises subject to the Sublease. RLW's argument about the doctrine of offset fails for two reasons. First, RLW did not plead offset as an affirmative defense and it is therefore waived. Second, RLW has not met its burden of proof to provide any admissible evidence to support this putative affirmative defense of offset.

The doctrine of offset is an affirmative defense. *See Clark County School District v. Richardson Construction, Inc.*, 123 Nev. 382, 395, 168 P.3d 87, 95 n.21 (2007). An affirmative defense that is not pled in the first responsive pleading is waived. *See Morrison v. Mahoney*, 399

F.3d 1042, 1046 (9th Cir. 2005). Here, RLW did not plead offset as an affirmative defense. Therefore, RLW waived its right to even assert offset as a defense in this Action.

Nevertheless, even if this Court were to consider RLW's argument of an offset, this Court should grant Airport's motion for summary judgment. The case law is clear that RLW cannot simply make conclusory assertions or argument about a putative offset and withstand summary judgment. Making mere arguments or restating allegations in a pleading do not meet the opposing party's burden to set forth specific facts to oppose summary judgment. *See Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 249-252, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). RLW in discovery did not produce any documents or evidence to establish any facts, let alone facts demonstrating a genuine issue of material fact, to support its supposed defense of offset. In addition to RLW's waiver of the affirmative defense of offset and the absence of any evidence to support a claim of offset, any argument that the rent that is admittedly due should be offset by the value of tenant improvements made by RLW is directly contrary to clear provisions of the Sublease.

Section 15(d) of the Sublease provides:

> **Obligation to Remodel.** During the period commencing on November 1, 1996 and ending on October 31, 1997, Concessionaire must spend sat lease One Hundred Twenty Five Dollars ($125.00) per square foot in the Premises to remodel and upgrade the Premises. All such work shall be accomplished in a first class, professional and lien free manner, in accordance with applicable law and with plans and specifications approved by WHS and County. On or before November 1, 1996, Concessionaire shall present its preliminary plans and specifications for such remodeling to WHS. In the event this Sublease is terminated prior to October, 2002 and such termination is not the result of a default by Concessionaire, WHS shall pay to Concessionaire an amount equal to the unamortized value of such improvements as of the date of early termination.

Because the Sublease was not terminated until the grant of summary eviction on July 28, 2009, the provisions of Section 15(d) regarding payment of the unamortized value of the improvements as a result of early termination do not apply.

. . .

. . .

## V.

## CONCLUSION

For the aforementioned reasons, this Court should grant Airport's motion for summary judgment on its breach of contract action and award Airport damages in the amount of $172,860.09, plus interest and attorneys' fees and costs.

DATED this ___ day of June, 2010.

**JONES VARGAS**

By: _____
GARY R. GOODHEART, ESQ.
Nevada Bar #1203
STEVEN G. SHEVORSKI, ESQ.
Nevada Bar #8256
**JONES VARGAS**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300
Facsimile:  (702) 737-7705
E-Mail: grg@jonesvargas.com
             sshevorski@jonesvargas.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of June, 2010, I served a true copy of the foregoing Motion for Summary Judgment upon the parties by serving a copy thereof via regular U.S. Mail, postage prepaid, to the following address:

BELLON & MANINGO, LTD.

732 South Sixth Street, Suite 102

Las Vegas, NV 89101

_____
An employee of JONES VARGAS