UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| AIRPORT MANAGEMENT SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | 2:09-cv-1879-LRH-LRL |
| v. | ) ) | ORDER |
| RLW, INC., d/b/a EMC, a Nevada corporation | ) ) | |
| Defendant. | ) ) | |

Before the court is plaintiff Airport Management Services, LLC's ("Airport") motion for summary judgment. Doc. #17.[1] Defendant RLW, Inc. ("RLW) filed an opposition (Doc. #22) to which Airport replied (Doc. #26).

**I.     Facts and Background**

This is a commercial landlord-tenant action. In 1996, W.H. Smith ("Smith"), the original sublessor, and RLW, as sublessee, entered into a sublease agreement for RLW to operate a business on the subleased premises and pay monthly rent to Smith. Smith then assigned his rights under the sublease to Airport.

Beginning in May 2009, RLW failed to pay rent under the sublease agreement. On July 17, 2009, Airport served RLW with a notice to pay rent or quit the premises. RLW did not comply and

---

[1] Refers to the court's docket number.

1 Airport subsequently sought and received a summary eviction of RLW on July 28, 2009. RLW was
2 subsequently evicted on August 6, 2009, by a constable conducted lockout.

On September 29, 2009, Airport filed a complaint against RLW for breach of contract. Doc. #1. Thereafter, Airport filed the present motion for summary judgment. Doc. #17. In its motion, Airport seeks $172,860.09 in past due rent, plus interest, attorney's fees and costs. *Id*.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is

not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.  Discussion**

The undisputed evidence in this matter establishes that Airport and RLW had a contract in which RLW would pay monthly rent to Airport. In its opposition, RLW concedes that it breached the contract by failing to pay rent for May and June 2009. Doc. #22. However, RLW contests that amount of money it owes to Airport as a result of its breach. First, RLW argues that it is entitled to an offset for tenant improvements paid for by RLW on the subject premises during the sublease period. Second, RLW argues that Airport has not provided sufficient evidence of the total amount of damages for purposes of summary judgment.

**A. Offset**

RLW argues that it is entitled to an offset for tenant improvements it paid for during the sublease period. The doctrine of offset is an affirmative defense. *See Clark County School District v. Richardson Construction, Inc.*, 168 P.3d 87, 95 n.21 (Nev. 2007). An affirmative defense that is not plead in an answer is waived. *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). Here, RLW did not plead the affirmative defense of offset in its answer. Therefore, RLW has waived that defense.

Additionally, the court finds that even if RLW had not waived the defense of offset, RLW is not entitled to one under the sublease agreement. The sublease provides in section 15(d) that the sublessor is entitled to receive an offset equal to the amount spent on tenant improvements only: (1) if the sublease was terminated prior to October 2002, and (2) if termination of the sublease was not the result of default by the sublessee. *See* Doc. #17. Here, RLW's requested offset fails under

both contract requirements: the sublease was not terminated prior to October 2002, and the default was caused by RLW's default of its rent obligations. Therefore, the court finds that RLW is not entitled to an offset of Airport's damages.

**B.  Amount of Damages**

RLW further argues that Airport has failed to provide sufficient evidence establishing that RLW owes $172,860.09 in past due rent. However, the court has reviewed the documents and pleadings on file in this matter and finds that Airport has established that it is entitled to $172,860.09 for past due rent.

Initially, the court notes that under the sublease agreement, Airport is entitled to receive rent until the point in time that Airport retook possession of the premises from RLW on August 6, 2009. *See* Doc. #17. Further, in support of its damages calculation Airport has provided the affidavit of Cynthia Obidzinski, an Airport employee in the accounts receivable department, who calculated the past due rent amounts from May 2009, through the lockout date August 6, 2009 as $172,860.09. *See* Doc. #25, Exhibit 1. Therefore, based on the record before the court, the court finds that Airport is entitled to summary judgment on its breach of contract claim and judgment against RLW in the amount of $172,860.09. Accordingly, the court shall grant Airport's motion for summary judgment.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #17) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of plaintiff and against defendant in the amount of $172,860.09.

IT IS SO ORDERED.

DATED this 14th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE